THOMAS v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

Docket No. 87996. Submitted October 15, 1986, at Detroit. Decided
April 20, 1987. Leave to appeal applied for.

Anthony Thomas brought an action in the Wayne Circuit Court
against State Farm Mutual Automobile Insurance Company
seeking the payment of benefits, pursuant to a no-fault insur-
ance policy, for certain medical expenses incurred due to inju-
ries plaintiff sustained in an automobile accident. The facts
indicate that Blue Cross and Blue Shield of Michigan paid
plaintiff's treating physician, a participating BCBSM physician,
for those services covered by BCBSM and defendant paid the
physician for those charges not covered by BCBSM. Plaintiff
sought to recover from defendant the difference between the set
reimbursement rate paid by BCBSM and the physician's custom-
ary charge for such services. Defendant's motion for summary
judgment was granted by the trial court, Thomas Roumell, J.,
and a judgment was entered thereon. Plaintiff appeals.

The Court of Appeals *held:*

A physician who participates in BCBSM cannot seek additional
payment from a no-fault insurer over and above that received
from BCBSM, nor may an insured recover from the no-fault
insurer the difference between the set reimbursement rate paid
by BCBSM and the physician's customary charge.

Affirmed.

INSURANCE — NO-FAULT — PHYSICIANS AND SURGEONS.

A treating physician who participates in Blue Cross and Blue
Shield of Michigan health insurance plans cannot seek addi-
tional reimbursement for his services covered by Blue Cross
and Blue Shield from a no-fault insurer over and above the
reimbursement he receives for his covered services from Blue
Cross and Blue Shield, nor may an insured seek to recover
from his no-fault insurer the difference between the set reim-

REFERENCES

Am Jur 2d, Automobile Insurance §§ 367, 368.
Validity and construction of "no-fault" automobile insurance plans.
42 ALR3d 229.

bursement rate paid the participating physician by Blue Cross and Blue Shield and the physician's customary charges for such services.

*Marcia J. Covert,* for plaintiff.

*Romain, Donofrio & Kuck, P.C.* (by *Ernst W. Kuck*), for defendant.

Before: WAHLS, P.J., and R. B. BURNS and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiff filed a complaint in circuit court seeking payment of benefits, pursuant to a no-fault insurance policy, for certain medical expenses incurred due to injuries plaintiff sustained in an automobile accident. Dr. B. S. Bohra, a participating physician in Blue Cross and Blue Shield of Michigan, treated plaintiff for injuries received in the accident. As a participating physician, Dr. Bohra contracted with BCBSM that he would accept as payment in full, for services covered by BCBSM, the amount paid by BCBSM and would not bill the patient for the excess. Bills for Dr. Bohra's services were submitted to BCBSM and the defendant. BCBSM paid Dr. Bohra pursuant to a reimbursement agreement for those services covered by BCBSM and defendant paid Dr. Bohra for those charges not covered by BCBSM. In the instant action plaintiff seeks to recover from defendant the difference between the set reimbursement rate paid by BCBSM and the treating physician's customary charge for such services. Defendant moved for summary disposition pursuant to MCR 2.116(C)(10) contending that there was no genuine issue as to any material fact and defendant was entitled to judgment as a matter of law. Following argument on the motion, the circuit court granted summary

* Circuit judge, sitting on the Court of Appeals by assignment.

disposition in favor of defendant. Plaintiff now appeals as of right, arguing that the circuit court erred in granting defendant's motion for summary disposition. We disagree.

In *Dean v Auto Club Ins Ass'n,* 139 Mich App 266, 273; 362 NW2d 247 (1984), lv den 422 Mich 921 (1985), this Court held that a physician who participates in BCBSM cannot seek additional payment from a no-fault insurer over and above that received from BCBSM. This Court specifically stated:

> [T]he Legislature did not intend to allow participating health care providers to seek additional reimbursement from no-fault insurers over and above the BCBSM reimbursement rate. The no-fault act was as concerned with the rising cost of health care as it was with providing an efficient system of automobile insurance. And there is little doubt that the legislation governing health care corporations (BCBSM), MCL 550.1101 *et seq.;* MSA 24.660(101) *et seq.,* had as its chief concern the affordability of health care. See generally the discussion in *Blue Cross & Blue Shield of Michigan v Insurance Comm'r,* 403 Mich 399; 270 NW2d 845 (1978). Accordingly, plaintiffs may not participate in the BCBSM health care plan and then frustrate the legislative attempt to contain health care costs by simply seeking payment on the excess from no-fault insurers. [*Dean, supra,* pp 273-274.]

Plaintiff argues that *Dean* does not apply to the instant case because the costs sought here are not for covered services. Plaintiff goes into a detailed discussion of second surgeries performed on the same day and the BCBSM policy of tendering only partial payment, if any. Plaintiff argues that the second surgery is thus analogous to an office visit, a service not covered by BCBSM and billable to the no-fault insurer when personal injury protection benefits are concerned. However, plaintiff's argu-

ment is flawed in that plaintiff's treating physician received payment from BCBSM for each surgical treatment rendered to plaintiff. It is true that the doctor did not receive the total amount he requested, or even substantially what he had requested, but by the terms of the doctor's contract with BCBSM he had agreed previously to accept as payment in full whatever reimbursement he received from BCBSM. Contrary to plaintiff's contention, *Dean* is on point and dispositive of the issue presented here. The circuit court did not err in granting summary disposition in favor of defendant.

Affirmed.